IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In re: | Case No. 13-20022 |
| MARIA DENISE GANGLER | Chapter 7 |
| Debtor | Judge Michelle M. Harner |

**JOINT MOTION TO RETURN RESTITUTION FUNDS TO THE UNITED STATES, DISCHARGE CHAPTER 7 TRUSTEE, AND CLOSE BANKRUPTCY CASE**

The United States, by and through its counsel Assistant U.S. Attorneys Allison J.P. Moon and Alan C. Lazerow, and the Chapter 7 Trustee, Monique Almy, (together "the Parties") move this court to exercise its equitable powers under 11 U.S.C. § 105 and authorize the Trustee to return $319,853.30 in restitution proceeds to the U.S. District Court Clerk so that the funds can be disbursed directly to the Debtor-Defendant's victims. The victims have failed to file proofs of claim in this case, and the Trustee therefore has no ability to distribute the restitution funds to the victims as intended when this case was reopened in April 2019.[1]

The Parties further move this court to discharge Ms. Almy as the Chapter 7 Trustee, and to close this case. Ms. Almy consents to being discharged without compensation.

STATEMENT OF FACTS

1. On June 11, 2013, Maria D. Gangler filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[2]

---

[1] Document No. 24; Document No. 25.
[2] Document No. 1.

2. On September 10, 2013, Ms. Gangler received a discharge and the case was closed on October 11, 2013.[3]

3. Ms. Gangler is a Defendant in the case of *United States v. Mulford, et al.*, Case No. 1:18-CR-00293-GLR, filed in the United States District Court for the District of Maryland (the "Criminal Case").

4. In the Criminal Case, on June 26, 2018, Ms. Gangler entered into a plea agreement, pursuant to which she pled guilty to conspiring with Co-Defendants Patricia and Joseph Mulford[4] to conceal assets from her creditors and the United States Trustee in this case in violation of 18 U.S.C. § 152.[5]

5. In the Criminal Case, on October 23, 2018, the Court entered a Judgment in a Criminal Case ("JCC") against Ms. Gangler, which provides in pertinent part that Ms. Gangler is required to pay restitution in the amount of $320,000 to the victims of her crime, i.e. the creditors in this bankruptcy case.[6] The JCC was later amended to provide that her restitution obligation would be joint and several with the Mulfords.[7]

6. Sometime around March 8, 2019, the U.S. Trustee received a check in the amount of $318,400, representing a portion of the restitution payment obligation of Ms. Gangler and the Mulfords.[8]

7. On March 8, 2019, the U.S. Trustee moved this Court to reopen Ms. Gangler's Chapter 7 bankruptcy case and appoint a Chapter 7 Trustee so that the restitution payment could be

---

[3] Document No. 21; Document No. 23.
[4] The Mulfords are also Debtors in a separate Chapter 7 bankruptcy proceeding, Case No. 14-21946.
[5] 1:18-CR-00293-GLR, Document No. 19.
[6] 1:18-CR-00293-GLR, Document No. 49.
[7] 1:18-CR-00293-GLR, Document No. 71.
[8] Document No. 19, p. 2, par. 6.

administered as part of the bankruptcy estate.[9] The U.S. Trustee also filed a similar motion in the Mulfords' case.[10]

8. This Court granted the U.S. Trustee's motion in this case. It reopened the case on April 1, 2019, and appointed Monique Almy as the Chapter 7 Trustee.[11]

9. Ms. Almy agreed with the U.S. Trustee to serve as the Chapter 7 Trustee in this case, and in Ms. Gangler's bankruptcy case, without compensation, as the Debtor's assets were already liquidated and the funds needed only to be distributed to claimants. For this reason, Ms. Almy now consents to being discharged from this case without compensation.

10. Unfortunately, after this case was reopened, only one of the creditors who Ms. Gangler had defrauded filed a proof of claim.[12] [13] Without claims to pay, the Chapter 7 Trustee arguably would have to return the restitution funds to the Defendant-Debtor, an outcome that would be unjust and inequitable.

11. The United States routinely collects restitution from criminal defendants and distributes the funds to the defendant's victims. The United States Attorney's Office is responsible for enforcing the restitution judgment, but restitution payments are made to the U.S. District Court Clerk, and the Clerk's Office then disburses the funds to the victims that the United States has identified. In this case, the United States has a record of the victims and the amount each is owed, and the Court Clerk has the ability to receive and disburse the restitution funds directly to the victims. Therefore, the United States requests that the Court authorize the Chapter 7 Trustee

---

[9] Document No. 24.
[10] 14-21946, Document No. 19.
[11] Document No. 25.
[12] Claim 1-1.
[13] Claimant Cach, LLC's share of the total restitution award of $405,000 is $17,017, leaving $387,983 owed to other victims.

to return the restitution funds to the U.S. District Court Clerk, which can then distribute these funds *pro rata* to the victims.

12. There are no other assets in the bankruptcy estate, and once the restitution funds are returned to the United States the estate will be fully administered.

## AUTHORITY AND ARGUMENT

The bankruptcy court has broad equitable powers to prevent fraud and to effect substantial justice.

> Bankruptcy courts are essentially courts of equity, governed by equitable principles. *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966); *Securities & Exch. Comm'n v. United States Realty & Imp. Co.*, 310 U.S. 434, 455, 60 S.Ct. 1044, 1053, 84 L.Ed. 1293 (1940); *Pepper v. Litton*, 308 U.S. 295, 304, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939); *Continental Ill. Nat'l Bank & Trust Co. v. Chicago, Rock Island & Pac. Ry. Co.*, 294 U.S. 648, 675, 55 S.Ct. 595, 605–06, 79 L.Ed. 1110 (1935); *Local Loan Co. v. Hunt*, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934). They have used their equitable powers to resolve a wide variety of issues before them. These powers "have been invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper*, 308 U.S. at 304–05, 60 S.Ct. at 244.

*In re Cambridge Biotech Corp.*, 186 B.R. 9, 17 (Bankr. D. Mass. 1995), aff'd, 212 B.R. 10 (D. Mass. 1997), aff'd, 186 F.3d 1356 (Fed. Cir. 1999). Specifically, 11 U.S.C. § 105(a) authorizes the court to issue orders that are "necessary or appropriate to carry out the provisions of this title," and to "prevent an abuse of process." In the Criminal Case, the Debtor admitted to abusing the bankruptcy process by hiding assets from the U.S. Trustee and her creditors, and she was ordered to pay $320,000 in criminal restitution to the defrauded creditors. The U.S. Trustee collected a substantial sum of restitution and turned the funds over to the Defendants' bankruptcy estates to be paid out to her creditors; however, most of the creditors failed to file proofs of claim in the reopened bankruptcy cases. Now, between this case and the Debtor's Co-Defendants'

bankruptcy case, there is $337,194.52 in restitution funds that stand to be returned to the Defendant-Debtors (less Cach, LLC's claim for $17,017 and the IRS's claim in the Mulford bankruptcy for $57,121.42). 11 U.S.C. § 726(a).

The criminal charges to which the Debtor pleaded guilty are covered by the Mandatory Victim Restitution Act (18 U.S.C. § 3663A(c)(1)), which requires the U.S. District Court to order restitution to the crime victims in the full amount of their loss. 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.") While "[t]he primary goal of restitution is remedial or compensatory . . . it also serves punitive purposes." *Paroline v. United States*, 572 U.S. 434, 456 (2014) (internal citations omitted). Here, if the restitution funds are returned to the Debtor, the purposes of the Mandatory Victim Restitution Act — to punish the defendants and compensate victims — will be defeated, and fraud will have prevailed.

The United States and the U.S. District Court Clerk are ready and able to distribute the restitution funds directly to the victim-claimants, and will distribute the funds equitably on a *pro rata* basis. Therefore, the United States respectfully requests that this Court exercise its equitable powers and authorize the Chapter 7 Trustee to return the restitution funds to the U.S. District Court Clerk.

Once the restitution funds are returned to the United States, the estate will be fully administered, and the Parties request that the court discharge the Chapter 7 Trustee and close this case pursuant to 11 U.S.C. § 350 and Fed R Bank P 5009.

<u>LOCAL RULE 9013-2 STATEMENT</u>

The Parties represent that they rely solely on this motion and are not filing a separate memorandum of law.

<u>CONCLUSION</u>

For the foregoing reasons, the Parties respectfully request that this Court authorize the Chapter 7 Trustee to return the restitution funds held in the bankruptcy estate to the U.S. District Court Clerk; discharge the Trustee without compensation; and close this case.

Respectfully submitted this 5th day of February, 2021.

        ROBERT K. HUR
        UNITED STATES ATTORNEY

        */s/ Alan C. Lazerow*
        Allison J.P. Moon, Federal Bar No. 814803
        Alan C. Lazerow, Federal Bar No. 29756
        Assistant United States Attorney
        36 S. Charles Street, 4th Floor
        Baltimore, MD 21201


        CHAPTER 7 TRUSTEE

        */s/ Monique D. Almy*
        Monique D. Almy, Bar No. 04479
        Crowell & Moring LLP
        1001 Pennsylvania Avenue, N.W., 10th Floor
        Washington, DC 20004
        (202) 508-8749

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2021, I reviewed the Court's CM/ECF system and it reports that a true and correct electronic copy of the *Joint Motion to Return Restitution Funds to the United States, Discharge Chapter 7 Trustee, and Close Bankruptcy Case*, will be served electronically by the Court's CM/ECF system on the following:

- **Monique D. Almy — malmytrustee@crowell.com, cbest@crowell.com; malmy@ecf.axosfs.com**
- **Michael Bennett — Michael.Bennett@bww-law.com, bankruptcy@bww-law.com**
- **Ann Shaw — ashaw@lawislocal.com**
- **US Trustee, Baltimore — USTPRegion04.BA.ECF@USDOJ.GOV**
- **Gerard R. Vetter — gerard.r.vetter@usdoj.gov**

*/s/ Alan C. Lazerow*
Alan C. Lazerow
Assistant United States Attorney